IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII STUDENT SUITES, INC., ET AL.,<br><br>Defendants. | CIV. NO. 19-00528 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART APPLICANT IN INTERVENTION RACHAEL ALE'S MOTION TO INTERVENE AS OF RIGHT |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART APPLICANT IN INTERVENTION
<u>RACHAEL ALE'S MOTION TO INTERVENE AS OF RIGHT</u>

Before the Court is Intervenor Rachael Ale's ("Applicant") Motion to Intervene as of Right, filed on December 4, 2019 ("Motion"). ECF No. 21. On January 9, 2020, Plaintiff United States ("Plaintiff") filed a Response to the Motion stating that it does not oppose the Applicant's intervention. ECF No. 37. On that same day, Defendants Hawaii Student Suites, Inc., Hawaii Student Residences LLC D/B/A Hawaii Student Suites, Savio Hauoli Street LLC, and 258-60 Beach Walk LLC (collectively "Defendants") filed a Memorandum in Opposition to the Motion. ECF No. 38. The Applicant filed her Reply on January 16, 2020. ECF No. 39.

This matter came on for hearing on January 30, 2020 before the Honorable Magistrate Judge Rom A. Trader. ECF No. 41. Sydney Spector, Esq. and Aurora

Bryant, Esq. appeared for Plaintiff.  Lynne T. Toyofuku, Esq. appeared for Defendants.  Daniel J. O'Meara appeared for the Applicant.

After careful consideration of the Motion, the supporting and opposing memoranda, the arguments of counsel, and the applicable law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.  The Court GRANTS IN PART the Motion and FINDS that the Applicant may intervene as a matter of right under Fed. R. Civ. P. 24(a)(1) as to its Fair Housing Act claim only.  The Court FINDS that the scope of intervention should be limited and RECOMMENDS that the Motion be DENIED IN PART as to the Applicant's intervention based on her state law claim under H.R.S. Chapter 515 ("H.R.S. 515 Claim") and the addition of Savio Asset Management, LLC ("SAM") as a defendant.  Further, the Court FINDS that permissive intervention under Fed. R. Civ. P. 24(b) is not appropriate in this case even if each of the required factors for permissive intervention were met.

BACKGROUND

On September 30, 2019, Plaintiff filed its Complaint to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 ("Fair Housing Act" or "FHA") against Defendants.  ECF No. 1.  On November 22, 2019, counsel to Applicant and counsel for Defendants held a pre-filing conference to discuss the Applicant's draft

Complaint in Intervention, which asserted Fair Housing Act claims, the addition of new defendant SAM and the H.R.S. 515 Claim as well as a punitive damages claim. The state law claim has been pending since February 2018 before the Hawaii Civil Rights Commission ("HCRC" and "Commission") in <u>Ale v. Savio Hauoli Street LLC</u>, et al., HCRC No. RE-O-1163, HUD No. 09-18-2685-8. At the prefiling conference, counsel for Defendants stated that they would stipulate to the intervention of the Applicant in the federal action in its current form, but opposed the addition of the H.R.S. 515 Claim, punitive damages claim, and the additional defendant.

The parties disagreed about the addition of the H.R.S. 515 Claim, the punitive damages claim, and the addition of a new defendant. In particular, the Defendants requested for the Applicant's legal basis for the addition of the H.R.S. 515 Claim and SAM without administrative exhaustion.

The Applicant did not seek administrative exhaustion before filing the instant Motion. In her Motion, the Applicant sought to include her FHA claim, H.R.S. 515 Claim, and to add SAM as an additional defendant.

## DISCUSSION

A. <u>Intervention as of Right to Add New Claims or Parties Under Fed. R. Civ. P. 24(a)</u>

Rule 24(a) provides in relevant part:

> (a) **Intervention of Right**. On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Defendants do not dispute that the Applicant has a right to intervene in this matter in its current form, pursuant to Fed. R. Civ. P. 24(a)(1) and 42 U.S.C.§ 3614(e). The Court finds that 42 U.S.C.§ 3614 is a federal statute that grants an unconditional right for a party to intervene. Thus, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART as to Applicant's request to intervene based on the Applicant's federal FHA Claim against the Defendants.

However, the Court is not persuaded by the Applicant's arguments to expand the scope of this case by adding her H.R.S. 515 Claim and to include SAM as an additional defendant. First, the FHA and § 3614(e) do not provide an unconditional right to intervene for any purpose, such as, to add new state law claims or parties. Cf. United States PG&E, 776 F. Supp. 2d 1007, 1017-18 (N.D. Cal. 2011) (ruling that an applicant "may not intervene as a matter of right pursuant to Section

304(b)(1)(B) of the Clean Air Act to allege claims under the [Endangered Species Act] against [the United States Environmental Protection Agency]").

Second, the Applicant has not established that adding SAM as an additional defendant arises under the FHA or any other federal statute. Even if there is an unconditional right to intervene based on a state statute,[1] this would not satisfy the requirement of Rule 24(a)(1), which requires "an unconditional right to intervene by a federal statute." See Dep't of Fair Empl. & Hous. v. Lucent Techs., Inc., 642 F.3d 728, 741 (9th Cir. 2011) ("[a] state statute can inform the Rule 24(a)(2) calculus, but it cannot displace the requirement that a would-be intervenor satisfy each of the rule's prerequisites" (citation omitted)). Accordingly, the Court FINDS that the Applicant has no basis to add her State law claims or add SAM as a party under Rule 24(a)(1).

Neither is intervention under Rule 24(a)(2) appropriate. In order to intervene based on subsection (2), Applicant must establish four elements:

> (1) that the prospective intervenor's motion is timely; (2) that the would-be intervenor has a significantly protectable interest relating to . . . the subject of the action; (3) that the intervenor is so situated that the disposition of the action may as a practical matter impair or impede the intervenor's ability to protect that interest; and (4) that such interest is inadequately represented by the parties to the action.

---

[1] In the Motion, Applicant has not identified any section within H.R.S. Chapter 515 that would provide an unconditional right of intervention, and Defendants have not identified any other state or federal authority that would support this.

Smith v. L.A. Unified Sch. Dist., 830 F.3d 843, 853 (9th Cir. 2016) (alteration in Smith) (brackets, citation, and internal quotation marks omitted).  Rule 24(a)(2) is generally construed broadly in favor of intervenors.  Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc).  Nevertheless, Applicant bears the burden of establishing each of the elements.  See Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006).  The Ninth Circuit has stated that, "[f]ailure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied." Perry v. Prop. 8 Official Proponents, 587 F.3d 947, 950 (9th Cir. 2009) (citation omitted).

   i. The Applicant's Request is Timely

The Ninth Circuit considers three primary factors in evaluating timeliness: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."  See Smith, 830 F.3d at 854 (citation and quotation marks omitted).  Defendants do not dispute that this case is in its early stages; however, adding Applicant's H.R.S. 515 Claim and SAM as an additional defendant is prejudicial to the parties, and Applicant has provided no reason for the delay in seeking to assert these claims.  Prejudice to the existing parties "is the most important consideration in deciding whether a motion for intervention is untimely."  Id. (citation and quotations omitted).  In this case, Applicant cannot raise her H.R.S. 515 Claim without first having exhausted her

6

administrative remedies as required under H.R.S. § 515-9.  The Applicant knew, or should have known, that if she wanted to file a civil action without first exhausting administrative remedies, she should have done so within two years after the alleged discriminatory acts under § 515-9(b) or obtained a right to sue letter from the HCRC. Additionally, with regard to the H.R.S. 515 Claim and the addition of SAM as a defendant, the Court, in its discretion, FINDS that increasing the scope of this action by the addition of state law claims and an additional party through intervention does not meet the first requirement under Fed. R. Civ. P. 24(a)(2).

> ii. The Applicant Cannot Satisfy the Remaining Factors to Support Her Request to Intervene as of Right

Although it is enough to deny intervention where the applicant has failed to establish any one element, see Perry, 587 F.3d at 950, denial is also appropriate because the Applicant has failed to present a significantly protectable interest in the current action or show that it would be impaired.  "Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and no specific legal or equitable interest need be established." Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996) (citation and quotation marks omitted).  To demonstrate that interest, the intervenor must show that "the interest asserted is protectable under some law," and that "there is a relationship between the legally protected interest and the claims at issue."  Id. (brackets, citation, and quotation marks omitted).  While the Applicant's H.R.S. 515

7

Claim is protectable under law, as a practical matter, it is not appropriately added at this time. The Applicant has not met the two-year window following the alleged discriminatory act in which she could have filed a civil claim while her charge was pending before the HCRC. See H.R.S. Rev. Stat. § 515-9(b). Without a right to sue letter from HCRC, this Court simply does not have jurisdiction to hear the matter. See H.R.S. § 515-9(a) ("The civil rights commission has jurisdiction over the subject of real property transaction practices and discrimination made unlawful by this chapter"). Accordingly, the Court finds that the Applicant has not shown the second required element to permit intervention under Rule 24(a)(2).

As to the impairment of the Applicant's interests in her H.R.S. 515 Claim and claims against SAM, neither are affected because these issues will not be adjudicated in the instant case. The Applicant argues that she "will lose her State law claims, unless they are included as a part of the intervention, since it is very unlikely any Court would permit a separate action based solely on the State law claims when the same facts will be adjudicated in this action." Motion at 8-9. The Court is not persuaded by this argument. Even assuming without finding that the "same facts will be adjudicated in this action," H.R.S. § 515-9(b) provides:

> Nothing in chapter 368 or this section shall be deemed to preclude an aggrieved person from filing a civil action for discriminatory practices made unlawful by this chapter no later than two years after the occurrence or the termination of an alleged discriminatory practice; provided that, **notwithstanding section 368-12, the commission shall issue a right to sue on a complaint filed with the commission if it determines that a**

8

**civil action alleging similar facts has been filed.**

(Emphasis added). In other words, if the Commission determines that similar facts are alleged in a civil action, the Commission is required to issue a right to sue on a complaint previously filed with the HCRC. Therefore, the Court FINDS there is no impairment of the Applicant's interest if the Applicant is not permitted to intervene and add her H.R.S. 515 Claim or claims against SAM.

        iii.    <u>Summary of Analysis Under Fed. R. Civ. P. 24(a)</u>

Because the Court has found that the Applicant does not have an unconditional right to intervene to add her H.R.S. 515 Claim or SAM as a defendant pursuant to a federal statute under Rule 24(a)(1) and the Applicant has not met all four requirements under Rule 24(a)(2), the Court hereby RECOMMENDS that the Motion be DENIED IN PART as to the Applicant's request to intervene based on her H.R.S. 515 Claim and SAM as an additional defendant.

    B.    <u>The Court Has Discretion to Limit the Scope of Intervention</u>

The Court has limited the scope of intervention by finding that the Applicant has not shown that her H.R.S. 515 Claim and the addition of SAM as a party meets the requirements under Fed. R. Civ. P. 24. "[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding." <u>Vinson v. Washington Gas Light Co.</u>, 321 U.S. 489, 499 (1944) (emphasis added). The

district court for the Northern District of California examined a similar attempt by an intervenor to assert federal claims under the Clean Air Act, and to add additional state and tribal law claims. See U.S. v. Blue Lake Power, 215 F. Supp. 3d 838, 841 (N.D. Cal. 2016). There, the district court appropriately limited the scope of intervention, reasoning that:

> the Advisory Committee Notes to the 1966 amendments to Federal Rule of Civil Procedure 24(a) expressly state that an "intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." The district court is therefore given wide discretion to impose any conditions consistent with the fair and prompt resolution of the litigation.

Id. at 844. (citing United States v. S. Florida Water Mgmt. Dist., 922 F.2d 704, 710 (11th Cir. 1991)). The same is true here. This Court therefore finds it appropriate to exercise its discretion to limit the scope of intervention under Fed. R. Civ. P. 24(a) to only Applicant's FHA claims against the current Defendants. See id. The Applicant may not circumvent this limitation of the scope of intervention by filing an amendment under Fed. R. Civ. P. 15. Based on the foregoing, the Court RECOMMENDS that intervention be denied as to Applicant's H.R.S. 515 Claim and adding SAM as a defendant.

    C.    The Applicant May Not Add Her H.R.S. 515 Claim and SAM Through Permissive Intervention

Fed. R. Civ. P. 24(b)(1) governs permissive intervention, and states in relevant part: "On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." "Permissive intervention requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011) (citations and internal quotation marks omitted). Here, there is no independent jurisdictional ground that would support adding the state law H.R.S. 515 Claim, and where Applicant, Defendants, and SAM, are not diverse. See Complaint in Intervention at ¶¶ 3-8. Moreover, as to SAM, there is no common question of law and fact between Applicant's claim and the main action. The Applicant has asserted a claim based on additional facts and a new theory against a completely new defendant, who was not originally named in the Complaint. Further, the Applicant appears to rely upon her conclusory allegations that SAM had the same management as the Defendants to show a common question or law or fact, but provides no supporting factual allegations to plausibly allege that SAM is "linked by common control" to the Defendants. Complaint in Intervention at ¶ 12.

Even if the Applicant could satisfy all the requirements of permissive intervention, the Ninth Circuit has held that the district court retains the discretion to grant or deny permissive intervention. See Donnelly v. Glickman, 159 F.3d 405, 412

(9th Cir. 1998) ("Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention"). As explained above, adding SAM and the H.R.S. 515 Claim would be futile because the Complaint in Intervention fails to plead a non-conclusory claim against SAM, and the Applicant has failed to administratively exhaust her H.R.S. 515 Claim. Thus, the Court finds that adding the H.R.S. 515 Claim and a new party would simply delay the proceedings and unfairly prejudice the existing parties. See Fed. R. Civ. P. 24(b)(3). Even if the Applicant met all requirements for permissive intervention, the Court FINDS that permissive intervention is not appropriate for the Applicant to intervene based on her H.R.S. 515 Claim and the addition of SAM as a defendant.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the Applicant's Motion to Intervene as of Right be GRANTED IN PART and DENIED IN PART as follows:

1. The Court recommends that the Applicant's Motion be GRANTED IN PART, insofar as the Applicant has the right to intervene, pursuant to Rule 24(a)(1), with regard to her claims arising under the FHA as to the Defendants HAWAII STUDENT SUITES, INC., HAWAII STUDENT RESIDENCES LLC D/B/A HAWAII STUDENT SUITES, and SAVIO HAUOLI STREET LLC, and to add her related request for relief pertaining to the FHA claim;

2. The Court RECOMMENDS that the Applicant's Motion be DENIED in all other respects.

The Court further FINDS AND RECOMMENDS that the Plaintiff and Applicant file an amended complaint that conforms to this Court's Findings and Recommendation if adopted by the district court. If the Applicant seeks to file further amendments in the future, she must comply with the requirements set forth in Fed. R. Civ. P. 15.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 20, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

___

Civ. No. 19-00528 JMS-RT; *United States of America v. Hawaii Student Suites, Inc., et al.*; Findings and Recommendation to Grant in Part and Deny in Part Applicant in Intervention Rachael Ale's Motion to Intervene as of Right