IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　and<br><br>RACHAEL ALE,<br><br>　　　　Plaintiff-in-Intervention,<br><br>　vs.<br><br>HAWAII STUDENT SUITES, INC., HAWAII STUDENT RESIDENCES LLC D/B/A HAWAII STUDENT SUITES, SAVIO HAUOLI STREET LLC, AND 258-60 BEACH WALK LLC,<br><br>　　　　Defendants. | Civ. No. 19-00528 JMS-RT<br><br>ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART APPLICANT IN INTERVENTION RACHAEL ALE'S MOTION TO INTERVENE AS OF RIGHT, ECF NO. 61 |

**ORDER ADOPTING AS MODIFIED MAGISRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART APPLICANT IN INTERVENTION RACHAEL ALE'S MOTION TO INTERVENE AS OF RIGHT, ECF NO. 61**

Plaintiff United States of America ("Plaintiff" or "United States") objects under Local Rule 74.1 and Federal Rule of Civil Procedure 72(b)—in limited fashion—to Magistrate Judge Rom Trader's March 20, 2020 Findings and

1

Recommendation to Grant in Part and Deny in Part Applicant in Intervention Rachael Ale's Motion to Intervene as of Right, ECF No. 61 (the "March 20, 2020 F&R").[1]  *See* ECF No. 64 (Plaintiff's Response to the March 20, 2020 F&R).  The court ADOPTS the March 20, 2020 F&R, as modified by this order.

        The March 20, 2020 F&R found and recommended that Ale be allowed to "intervene as a matter of right under Fed. R. Civ. P. 24(a)(1) as to [her] Fair Housing Act claim only."  ECF No. 61 at PageID #335.  Judge Trader also recommended denying her application to the extent she seeks to add a claim to this

---

[1] Judge Trader issued an F&R on Applicant-in-Intervention Rachael Ale's ("Ale") Motion to Intervene as of Right, ECF No. 21.  It appears, however, that a motion to intervene is likely a non-dispositive motion for purposes of 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a), which means he could have issued an order on the Motion to Intervene—not an F&R.  *See, e.g.*, *Robert Ito Farm, Inc. v. Cty. of Maui*, 2015 WL 134070, at *2 (D. Haw. Jan. 9, 2015) ("[W]hen operating under § 636(b) (that is, without the consent of the parties), a magistrate judge deciding an intervention motion would typically enter an order, not findings and recommendation."); *Quantlab Grp., L.P. v. Dempster*, 2020 WL 224537, at *1 n.2 (S.D. Tex. Jan. 15, 2020) ("A motion to intervene is not a dispositive motion and is appropriate for an order.") (citation omitted); *United States v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 267 n.1 (E.D. Mich. 1997) ("A motion to intervene is a nondispositive motion which may be heard and determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).") (citing cases); *but cf. N.Y. Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993) ("Without the consent of the 'intervenors,' the magistrate judge's order has the effect only of a report and recommendation to the district judge, who upon the filing of objections must review *de novo* the recommendation.") (citations omitted).

        The distinction between an order and an F&R matters because a magistrate judge's order is reviewed under a "clearly erroneous or contrary to law" standard, while proper objections to an F&R are reviewed de novo.  *See, e.g.*, *Robert Ito Farm*, 2015 WL 134070, at *2.  The court, however, need not resolve whether a motion to intervene is non-dispositive because the result here would be the same regardless of which standard of review should apply.

action under Hawaii Revised Statutes ("HRS") ch. 515, and to add Savio Asset Management, LLC as an additional defendant. *Id.*

No one has objected to those recommendations, and the court agrees that they are correct—Ale was a "tester" and, as an "aggrieved person" under 42 U.S.C. § 3614(e), "may intervene in a civil action commenced by the Attorney General" in this Fair Housing Act ("FHA") suit. *Id.*; *see also, e.g.*, *Marsten Apartments*, 175 F.R.D. at 269 ("So long as [an aggrieved] party chooses to exercise its discretion to intervene in a manner which is procedurally correct under Rule 24(a), the Court has no discretion to deny such intervention."). Ale, however, has no automatic right to add new claims and parties under section 3614(e), and the court agrees with Judge Trader that "adding the [HRS chapter] 515 Claim and a new party would simply delay the proceedings and unfairly prejudice the existing parties." ECF No. 61 at PageID #345.

The United States, however, objects to a further recommendation in the March 20, 2020 F&R that "the Plaintiff [the United States] and Applicant [Ale] file an amended complaint that conforms to this Court's Findings and Recommendation if adopted by the district court." *Id.* at PageID #346. The United States reasons that its "allegations and claims are unchanged, and were not affected

3

by Judge Trader's ruling on the motion to intervene," ECF No. 64 at PageID #352, and it objects to being required to amend its complaint. *Id.*[2]

Initially, it is somewhat unclear what this specific language in the March 20, 2020 F&R requires. It appears that it *requires* a *single, joint* complaint that incorporates both Ale's and the United States' claims for violations of the FHA. If that is the intent, then the court rejects that recommendation. The court recognizes that Ninth Circuit law "does not require an intervenor . . . to file his own complaint in order for the court to have jurisdiction over his claim." *In re Molasky*, 843 F.3d 1179, 1185 (9th Cir. 2016). "Rather, an intervenor need not file separate pleadings 'if the intervenor is content to stand on the pleading an existing party has filed.'" *Id.* (quoting *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009)). In that situation, "it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is identical in its allegations with on that is already in the file." *Mendez*, 585 F.3d at 1188 (quoting 7 Charles

---

[2] The United States did not oppose the Motion to Intervene, and did not object to the form of the F&R (which included the language regarding an amended complaint) proposed by Defendants under Local Rule 58.2. Defendants thus argue that the United States has waived its opportunity to object to the F&R, and so the court should adopt the F&R in its entirety. *See* ECF No. 69 at PageID #382. The court, however, need not address waiver because its ruling is independent of any objections—that is, the court would rule the same way even if the United States had not objected. *See, e.g.*, *Naehu v. Read*, 2017 WL 1162180, at *3 (D. Haw. Mar. 28, 2017) ("The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record.") (citations omitted).

A. Wright et al., *Federal Practice and Procedure* § 1914 (3d ed. 2009)).[3] If Ale seeks relief that is already sought in the United States' Complaint, she could simply join in it as written.[4]

But the opposite is not true. The court is unaware of any authority that *requires* a single complaint, and that would require an existing plaintiff (such as the United States here) to modify its complaint after the court allows another party to intervene. And even if the court has discretion to order such an amendment, the court elects not to do so in this instance. Rather, the prevailing practice appears to be that if an intervenor is allowed to seek additional relief (beyond that sought in the existing complaint), then it may file its own complaint-in-intervention.[5] The court recognizes from the Complaint that there may be other

---

[3] Indeed, Defendants' opposition acknowledges this point. *See* ECF No. 69 at PageID #384 ("Because there are no additional claims or defendants and Applicant's FHA claim is based upon the *same* allegations contained in the [United States'] Complaint . . . there is no reason that a separate complaint in intervention must be filed.").

[4] And here, the United States' Complaint alleges that "[t]here are victims of the Defendants' discriminatory housing practices who are 'aggrieved persons' within the meaning of 42 U.S.C. § 3602(i), and may have suffered injuries and damages as a result," ECF No. 1 at PageID #11 ¶ 22, and requests "[a]wards [of] monetary damages to each aggrieved person, pursuant to 42 U.S.C. § 3614(d)(1)(B)," *id.* at PageID #12. That is, Ale would be entitled to monetary damages under the existing Complaint.

[5] The court is not persuaded by Defendants' citation to *Diduck v. Kaszyncki & Sons Contractors, Inc.*, 149 F.R.D. 55, 60 (S.D.N.Y. 1993). *See* ECF No. 69 at PageID #384. In *Diduck*, the district court required an amendment after intervention because the original plaintiff
(continued . . .)

"aggrieved persons" besides Ale, *see* ECF No. 1 at PageID #6 & 11, and at some point it might be prudent for Plaintiff to file an amended pleading that, for example, clarifies the status and identities of the "aggrieved persons." But it is premature to order such an amendment now.

Here, it may be that Ale seeks additional relief allowed under the FHA beyond that sought by the United States. The March 20, 2020 F&R recommended that Ale's motion to intervene be granted "with regard to her claims arising under the FHA as to the [existing Defendants] . . . *and to add her related request for relief pertaining to the FHA claim*[.]" ECF No. 61 at PageID #345 (emphasis added). This language suggests that Ale seeks to pursue additional relief under the FHA—for example, her proposed complaint-in-intervention requests an award of attorneys' fees and costs, ECF No. 21 at PageID #111. Thus, the court agrees with the March 20, 2020 F&R's additional recommendation to the extent it requires Ale to file her own complaint-in-intervention "that conforms to th[e] Court's Findings and Recommendation if adopted by the district court," ECF No. 61 at PageID #346. If that is Ale's intent, such a complaint-in-intervention is due by **May 8, 2020**. Alternatively, Ale must file a statement by that date

---

(. . . continued)
was deceased. *Diduck*, 149 F.R.D. at 56, 60. *Diduck* did not require the *original* plaintiff to amend his complaint to conform to relief sought by the intervenors.

indicating that she joins as an intervenor in the United States' existing Complaint, and she elects not to file her own complaint-in-intervention.

In sum, the court ADOPTS the March 20, 2020 F&R to the extent it allows Ale to intervene as to her FHA claim, and to file a complaint-in-intervention seeking relief under the FHA.  The court, however, declines to adopt a recommendation that requires the United States to amend its existing complaint to conform to Ale's intervention.  The March 20, 2020 F&R is ADOPTED as so modified.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 24, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Haw. Student Suites, et al.*, Civ. No. 19-00528 JMS-RT, Adopting as Modified Findings and Recommendation to Grant in Part and Deny in Part Applicant in Intervention Rachael Ale's Motion to Intervene as of Right, ECF No. 61