IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
*May 28, 2021*
Michelle Rynne, Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIV. NO. 19-00528 JMS-RT |
| Plaintiff, | |
| RACHAEL ALE, | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF-INTERVENOR RACHAEL ALE'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS |
| Plaintiff-Intervenor, | |
| vs. | |
| HAWAII STUDENT SUITES, INC., HAWAII STUDENT RESIDENCES, DBA HAWAII STUDENT SUITES; SAVIO HAUOLI STREET LLC,  258-60 BEACH WALK LLC, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF-INTERVENOR RACHAEL ALE'S
<u>MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS</u>

Before the Court is Plaintiff-Intervenor Rachael Ale's ("Plaintiff-Intervenor") Motion for Attorneys' Fees and Non-Taxable Costs Pursuant to Consent Decree ("Motion for Attorneys' Fees and Costs"), filed on March 8, 2021. ECF No. 128.  Plaintiff-Intervenor seeks $100,119.50 in attorneys' fees and $914.31 in non-taxable costs as provided by the Consent Degree and the Fair Housing Act ("FHA"), 42 U.S.C. § 3612(c)(2).  This court shall decide the Motion

for Attorneys' Fees and Costs without a hearing pursuant to Rules 7.1(c) and

54.2(g) of the Local Rules of Practice for the United States District Court for the

District of Hawaii ("LR").

After careful review of the parties' submissions, declarations, and exhibits,

records in this case, and applicable law, this Court FINDS and RECOMMENDS

that Plaintiff-Intervenor's request for attorneys' fees and non-taxable costs be

GRANTED IN PART and DENIED IN PART.[1]  Plaintiff-Intervenor requests a

total of $100,119.50 in attorneys' fees for work performed in this case.  This Court

RECOMMENDS that Plaintiff-Intervenor be GRANTED $81,740.00 in attorneys'

fees and DENIED fees in the amount of $18,379.50.  This Court RECOMMENDS

that Plaintiff-Intervenor be awarded $914.31 in non-taxable costs.

<u>BACKGROUND</u>

This case arose from an investigation by the Legal Aid Services of Hawaii

("LASH") into Defendants' rental practice by using fair housing testers to

determine whether Defendants were in compliance with the FHA or whether

Defendants discriminated against families with children while operating their

---

[1] Pursuant to the Consent Decree, "[t]he ruling of the Court on [the] fee motion will be final and no appeal may be taken by any party."  ECF No. 120 at PageID #: 638.  Accordingly, no appeal will be permitted from this Court's findings and recommendation and the district court's final decision.

student-housing business.  This investigation occurred between July 2016 and August 2017.  Plaintiff-Intervenor participated in the investigation as a tester.

Based on the results of LASH's testing investigation, the Hawaii Civil Rights Commission ("HCRC") opened an investigation and determined that Hawaii Students Suites ("HSS"), Defendants' student-housing business, had engaged in discriminatory housing practices in violation of the FHA.

While HCRC conducted its investigation, the United States Department of Justice, Civil Rights Division ("DOJ") also opened its own investigation of HSS as a result of LASH's testing evidence.  Such investigation resulted in the filing of the Complaint on September 30, 2019 in this case.  ECF No. 1.  The plaintiff in this case is the United States of America ("Government").

On December 4, 2019, Plaintiff-Intervenor sought to intervene in this case and filed a Notice of Motion and Motion to Intervene as of Right.  ECF No. 21. On April 24, 2020, the district court permitted Plaintiff-Intervenor to intervene. ECF No. 72.  On April 29, 2020, Plaintiff-Intervenor filed her Complaint in Intervention.  ECF No. 74.

The district court entered a Consent Decree on December 4, 2020.  ECF No. 120.  The district court granted Plaintiff-Intervenor's requests to extend the deadline to file the present fee motion twice, once on December 17, 2020 (ECF No. 123), and a second time on January 27, 2021 (ECF No. 127).  Plaintiff-

Intervenor then timely filed its Motion for Attorneys' Fees and Costs on March 8, 2021.  ECF No. 128.  On March 10, 2021, Plaintiff-Intervenor filed an Errata re Declaration of Elizabeth Brancart Submitted in Support of Plaintiff-Intervenor's Motion for Attorneys' Fees and Non-Taxable Costs Pursuant to Consent Decree ("Errata").  ECF No. 129.  The Errata was filed because Plaintiff-Intervenor inadvertently filed an unsigned copy of the Declaration of Elizabeth Brancart (ECF No. 128-18) and sought to provide the Court with a signed copy.

Defendants filed their Memorandum in Opposition to the Motion for Attorneys' Fees and Costs ("Opposition") on March 15, 2021.  ECF No. 130. Plaintiff-Intervenor filed a Reply on March 22, 2021.  ECF No. 131.

DISCUSSION

Plaintiff-Intervenor seeks an award of $100,119.50 in attorneys' fees and $914.31 in non-taxable costs.  Plaintiff-Intervenor alleges that it is entitled to its attorneys' fees as a prevailing party pursuant to the Consent Decree (ECF No. 120) and the FHA, 42 U.S.C. § 3613(c).  The Defendants object to the attorneys' fees and costs as excessive and allege that Plaintiff-Intervenor's intervention in this case was unnecessary, duplicative of the Government's litigation, and did not play a significant role in the litigation.

This Court shall first determine whether Plaintiff-Intervenor is entitled to its attorneys' fees and non-taxable costs as the prevailing party in this litigation and

will then determine whether the requested attorneys' fees are reasonable and

whether non-taxable costs should be awarded.

I.    Entitlement to Attorneys' Fees and Costs

The FHA, 42 U.S.C. § 3613(c), provides for reasonable attorneys' and costs

to the prevailing party:

> In a civil action under subsection (a) [which provides a civil action for
> an aggrieved person under this statute], the court, in its discretion, may
> allow the prevailing party, other than the United States, a reasonable
> attorney's fee and costs.  The United States shall be liable for such fees
> and costs to the same extent as a private person.

42 U.S.C. § 3613(c)(2).  The parties agreed to a Consent Decree (ECF No. 120),

filed on December 4, 2020, "[i]n an effort to avoid costly litigation . . . [and] to

fully resolve all claims and causes of action arising out of the United States' and

[Plaintiff-Intervenor's] claims against the Defendants without the necessity of a

hearing on the merits and without admission of liability or wrongdoing on the part

of the Defendants."  ECF No. 120 at PageID #: 616.  Pursuant to the Consent

Decree, the parties agreed to the following:

> Unless resolved by the parties, [Plaintiff-Intervenor] will file a motion
> for reasonable attorneys' fees and costs within thirty (30) days of entry
> of this Consent Decree.  For purposes of that motion only, Ale will be
> deemed the prevailing party pursuant to the Fair Housing Act, 42
> U.S.C. § 3613(c), and L.R. 54 [sic].  The ruling of the Court on that fee
> motion will be final and no appeal may be taken by any party.

ECF No. 120 at PageID #: 637-638.  The Consent Decree was effective

immediately upon entry by the Court.  Id. at PageID #: 638.  The parties'

agreement to the terms in the Consent Decree resulted in "[this] case, including the

Complaint in Intervention and all claims of the [Plaintiff-]Intervenor, [to] be

dismissed with prejudice."  Id.

Despite agreeing to the terms and conditions in the Consent Decree,

Defendants argue that because Plaintiff-Intervenor did not play a significant role in

this litigation, this Court should recommend that the district court exercise its

discretion and not award any fees.  ECF No. 130 at PageID #: 901.  Defendants

cite to case law from the Ninth Circuit and the District of Columbia Circuit that

supports this proposition.  See ECF No. 130; Grove v. Mead School Dist. No. 354,

753 F.2d 1528 (9th Cir. 1985); Donnell v. United States, 682 F.2d 240 (D.C. Cir.

1982); Wilder v. Bernstein, 965 F.2d 1196 (2d Cir. 1992).

On the other hand, the Ninth Circuit has also found that "[t]o retrospectively

deny attorney's fees because an issue is not considered or because a party's

participation proves unnecessary would have the effect of discouraging the

intervention of what in future cases may be essential parties."  Service Employees

Intern. Union, AFL-CIO v. Fair Political Practices Com'n, 961 F.2d 217, 217 (9th

Cir. 1992) (citing Seattle School Dist. No. 1 v. State of Wash., 633 F.2d 1338,

1349 (9th Cir. 1980)).  Further, there is a "legislative policy of encouraging

constitutional litigation, which led Congress to specify that an award is permissible

for an issue which is not fully litigated if constitutional rights are vindicated

through the mechanism of a consent decree or other preliminary relief . . . " Seattle School Dist. No. 1, 633 F.2d at 1349 (citations omitted).

In this case, Plaintiff-Intervenor argues that the Complaint (ECF No. 1) did not allege an FHA violation under the disparate impact theory pursuant to 42 U.S.C. § 3604(a), and that Plaintiff-Intervenor's intervention was necessary to bring forth this claim. ECF No. 128-1 at PageID #: 705-706. Plaintiff-Intervenor claims that her disparate impact theory was significant in bringing about a successful settlement and the Consent Decree.

Further, Plaintiff-Intervenor claims that she litigated her claim by propounding her first set of interrogatories and first and second request for production of documents. ECF No. 128-1 at PageID #: 708. Plaintiff-Intervenor also alleges that she responded to Defendants' discovery, including a subpoena for documents. ECF No. 128-1 at PageID #: 708. Plaintiff-Intervenor claims that she was preparing a motion for summary judgment and had planned to file it. Plaintiff-Intervenor also claims to have participated in six settlement conferences. ECF No. 128-1 at PageID #: 709.

Defendants argue that Plaintiff-Intervenor's claims regarding the disparate impact theory are not based on personal knowledge or admissions and should be disregarded. However, the Complaint in Intervention (ECF No. 74) lists as its first claim the disparate impact theory in violation of 42 U.S.C. § 3604(a). Plaintiff's

Complaint has no reference to the disparate impact theory nor do Defendants argue that such theory was duplicative of a claim brought forth in the Complaint.  See Texas Dept. of Housing and Community Affairs v. Inclusive Communities Project, Inc., 576 U.S. 519, 539 (2015) ("Recognition of disparate-impact claims is also consistent with the central purpose of the FHA").  As such, this Court cannot say that Plaintiff-Intervenor's role was not significant in this case given the policy against discouraging intervention and of encouraging constitutional litigation.

In addition, this case was resolved by way of settlement and Consent Degree.  Courts have found that "[q]uestions of duplication and mixed motives are further clouded when litigation is resolved through settlement[.]"  Wilder v. Bernstein, 965 F.2d 1196, 1205 (2d Cir. 1992).  In addition to being provided by the FHA, 42 U.S.C. § 3613(c), Plaintiff-Intervenor's attorneys' fees and costs are also provided in the Consent Degree as it was agreed upon by the parties that the Plaintiff-Intervenor was agreed to be a prevailing party for purposes of a motion for reasonable attorneys' fees and costs.  Accordingly, Plaintiff is entitled to her attorneys' fees and costs.

II.    Calculation of Reasonable Attorneys' Fees

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate.  Henlsey v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v.

8

SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The Court determines

whether to adjust the lodestar amount based on an evaluation of the factors in Kerr,

which have not been subsumed in the lodestar calculation.  Kerr v. Screen Extras

Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (citation omitted).  The factors under

Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the
> questions involved, (3) the skill requisite to perform the legal service
> properly, (4) the preclusion of other employment by the attorney due to
> acceptance of the case, (5) the customary fee, (6) whether the fee is
> fixed or contingent, (7) time limitations imposed by the client or the
> circumstances, (8) the amount involved and the results obtained, (9) the
> experience, reputation, and ability of the attorneys, (10) the
> 'undesirability' of the case, (11) the nature and length of the
> professional relationship with the client, and (12) awards in similar
> cases.

Id. (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.

1974).  There is a strong presumption that the lodestar amount calculated is

reasonable.  See Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483

U.S. 711, 728 (1987); Fischer, 214 F.3d at 1119 n.4.

A.    Reasonable Hourly Rates

Plaintiff-Intervenor requests attorneys' fees for work performed by attorneys

Dan O'Meara and Nicholas Severson from Legal Aid Society of Hawaii, and

attorney Christopher Brancart and legal assistant Spencer Campbell from Brancart

and Brancart.  Below is a chart summarizing the hourly rate requested for each

attorney or legal assistant:

| Legal Aid Society of Hawaii | |
| --- | --- |
| Attorney | Requested Hourly Rate |
| Dan O'Meara, Esq. | $315.00 |
| Nicholas Severson, Esq. | $200.00 |

| Brancart & Brancart | |
| --- | --- |
| Attorney/ Legal Assistant | Requested Hourly Rate |
| Christopher Brancart, Esq. | $425.00 |
| Elizabeth Brancart, Esq. | $425.00 |
| Spencer Campbell, Legal Assistant | $85.00 |

The reasonable hourly rate is determined by assessing the prevailing market

rate in the relevant community for similar work performed by attorneys of

comparable skill, experience, and reputation.  Roberts v. City of Honolulu, 938

F.3d 1020, 1023 (9th Cir. 2019) (citing Kelly v. Wengler, 822 F.3d 1085, 1099

(9th Cir. 2016)); Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing

Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)).  The

relevant community is the forum in which the district court sits.  Camacho v.

Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008).  The relevant

community in this case is the District of Hawaii.

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." Roberts, 938 F.3d at 1024 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (citation omitted). "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citations omitted). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). See also Camacho, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation").

In addition to their own declarations, Plaintiff-Intervenor's attorneys submitted a Declaration of Brandee J.K. Faria in Support of Plaintiff-Intervenors' Motion for Attorneys' Fees and Costs (ECF No. 128-17) as an exhibit to the Motion for Attorneys' Fees and Costs. Ms. Faria declares that she has been licensed for 23 years and her practice "consists mainly of civil litigation, primarily at the trial level, for both plaintiff and defense." ECF No. 128-17 at PageID #: 870. Ms. Faria claims that she reviewed counsel's declarations and is familiar with

the services provided by LASH.  She also states she is familiar with the hourly

rates charged by civil rights attorneys in Honolulu and throughout Hawaii, and

opines that the hourly rates requested in this case are reasonable.  However, Ms.

Faria's opinion is contrary to this Court's knowledge of the prevailing market rates

in this community for work performed by attorneys of comparable skill,

experience, and reputation.

Ms. Faria claims she practices in the area of civil litigation and that her

knowledge of the prevailing market rate is based on "[her]current position."  Id. at

PageID #: 871.  However, Ms. Faria does not explain what her current position is

and how her position provides her with knowledge of the prevailing market rate

such that this Court should reconsider its own knowledge.  Accordingly, this Court

finds the declaration unpersuasive.

The Plaintiff-Intervenor argues that the Declaration of Lynne T. Toyofuku

(ECF No. 130-1), submitted in support of the Opposition to the instant motion,

ironically supports Plaintiff-Intervenor's requested hourly rates for work

performed by her attorneys.  In her declaration, Ms. Toyofuku states that she has

been a practicing attorney for over thirty years.  It is clear from Ms. Toyofuku's

declaration that she has extensive experience practicing in the field of civil rights

cases, and has experience litigating as the lead attorney on FHA cases.  ECF No.

130-1 at PageID #: 923.  Ms. Toyofuku states:

> Although my hourly rate is usually $450.00 per hour, given my knowledge of the rates charged for attorneys in this jurisdiction who litigate fair housing and ADA public accommodation cases, I am charging Defendants in this case $350 per hour for my legal services.

ECF No. 130-1 at PageID #: 924. Plaintiff-Intervenor argues that Ms. Toyofuku's declaration supports her proposed hourly rates because Ms. Toyofuku states that her hourly rate is usually $450.00. ECF No. 131 at PageID #: 957. However, Plaintiff-Intervenor ignores that Ms. Toyofuku states that she is currently charging $350.00 an hour given her knowledge of the prevailing market rates in Hawaii.

Plaintiff-Intervenor fails to refute Ms. Toyofuku's statement that she is concerned about Ms. Faria's knowledge of the prevailing market rate in this community. Similar to this Court's concern regarding Ms. Faria's experience, Ms. Toyofuku is concerned about Ms. Faria's lack of experience in FHA or federal litigation involving civil rights. Ms. Toyofuku claims that after performing research in the District of Hawaii's Case Management/Electronic Case Filing system, she found that "[t]he majority of the 41 cases listed involved state law deceptive trade practice claims that were removed by defendants to federal court. None appeared to involve Fair Housing or other federal claims involving civil rights." ECF No. 130-1 at PageID #: 931. Accordingly, as it relates to Plaintiff-Intervenor's counsel's hourly rates, this Court finds Ms. Toyofuku's declaration persuasive.

This Court now turns to each counsel's requested hourly rates.

1.    <u>Dan O'Meara, Esq.: Reasonable Hourly Rate of $275.00</u>

Plaintiff-Intervenor requests for an hourly rate of $315.00 for work

performed by Mr. O'Meara and submits a declaration by Mr. O'Meara in support

of the requested hourly rate.  Mr. O'Meara states the he received his J.D. in 1981,

which is over twenty years ago.  Mr. O'Meara states that he has been the Managing

Attorney of the Housing and Consumer Unit and the Project Director for the HUD

Fair Housing Initiatives Program (FHIP) at LASH since 2015.  In support of the

requested hourly rate, Mr. O'Meara submits a declaration stating that $315.00 per

hour is the rate he charged while in private practice in Hawaii from 2013 to 2015

for foreclosure defense cases.

Defendants argue that the reasonable hourly rate for Mr. O'Meara should be

$250.00 or lower.  Defendant alleges that in his declaration, Mr. "O'Meara

admit[ted] to his lack of experience by virtue of claiming that it was 'necessary' to

engage Brancart in this case."  ECF No. 130 at PageID #: 907 (citation omitted).

This Court agrees that Mr. O'Meara's requested hourly rate should be reduced to

reflect the prevailing market rate in Hawaii for work performed by attorneys of

comparable skill, experience, reputation, but finds that the hourly rate of $250.00 is

not appropriate.  Based on this Court's familiarity with the prevailing rates in

Hawaii, the information Mr. O'Meara provided about his experience, and the

litigation period of 2019 through 2020, this Court finds that the reasonable hourly

rate for work performed by Mr. O'Meara should be $275.00.  See e.g., Howard G.
v. Dep't of Educ., No. CV 11-00523 DKW-RT, 2020 WL 2563275, at *17 (D.
Haw. May 5, 2020), report and recommendation adopted, No. CV 11-00523
DKW-RT, 2020 WL 2561273 (D. Haw. May 20, 2020) (attorney with 19 years of
litigation experience and civil rights litigation (special education) experience of
four years awarded $280.00 per hour for work performed).

    2.    Nicholas Severson, Esq.: Reasonable Hourly Rate of $180.00

Plaintiff-Intervenor seeks $200.00 an hour for work performed by Mr.
Severson.  In support of the request, Mr. Severson submitted a declaration stating
that although his bar admission was in November 2019, he had been working on
this case since the Summer of 2018.  Mr. Severson states that while he was in law
school, he interned with the LASH during summer of 2018 and spring of 2019.
Mr. Severson claims that he had drafted the initial demand letter in this case to
opposing counsel.  In addition, Mr. Severson explains that while interning with
LASH, he worked on numerous fair housing and landlord tenant cases.

This Court finds Mr. Severson's declaration persuasive to the extent that he
explains his additional experience during law school with FHA cases and
specifically, with this case due to his internship during the summer of 2018 and
spring of 2019.  Accordingly, this Court finds that based on its knowledge of the
prevailing market rate in this community for work performed by attorneys of

similar skill, experience, and reputation, the hourly rate of $180.00 is reasonable for work performed in 2019 through 2020 by Mr. Severson.  See e.g., Hawaii Masons' Health & Welfare Fund v. Dynamic Interiors, LLC, No. CIV. 14-00434 LEK, 2015 WL 438181, at *8 (D. Haw. Jan. 14, 2015), report and recommendation adopted, No. CIV. 14-00434 LEK, 2015 WL 500496 (D. Haw. Feb. 3, 2015) (for work performed in 2014, the court reduced the hourly rate to $150.00 per hour after determining that "$195 per hour is excessive for an associate with one year of experience").

      3.    Christopher Brancart, Esq.: Reasonable Hourly Rate of $375.00

In support of his requested hourly rate of $425.00, Mr. Brancart provided the Court with his declaration and accompanying exhibits.  Mr. Brancart states that he has more than 30 years of experience in fair housing litigation and has been in practice for almost 40 years.  Mr. Brancart states he has resolved well over 350 cases and currently represent plaintiffs in approximately 25 fair housing cases in the federal courts of Hawaii, California, Nevada, North Dakota, Indiana, North Carolina, Georgia, and in the state courts in California.  Mr. Brancart states that he is involved in training fair housing groups and attorneys around the country and has lectured on fair housing topics at various law school and state bar programs.  It is clear that Mr. Brancart is familiar with FHA litigation and has extensive experience litigating in this area.

16

Mr. Brancart claims that he has received court-ordered fee awards in Fair Housing cases in Nevada, Indianapolis, and the Southern District of California ranging from $450.00 to $500.00 per hour.  However, this Court, when determining whether requested hourly rates are reasonable, must turn to whether the prevailing market rate in the relevant community, which in this case is Hawaii, for similar work performed by attorneys of comparable skill, experience, and reputation.  Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019).  Given that Mr. Brancart has only provided rates awarded in other jurisdiction.  As such, this Court cannot find that Mr. Brancart has specific knowledge of the reasonable and prevailing hourly rates in Hawaii.

Defendants argue that the reasonably hourly rate for Mr. Brancart is $350.00 hours.  In Roberts, the Ninth Circuit held that it is an abuse of discretion to solely rely on hourly rates previously awarded to attorneys in unrelated cases and to disregard supporting declarations without explaining why they did or did not establish the prevailing hourly market rate in this district.  Roberts v. City of Honolulu, 938 F.3d 1020, 1025 (9th Cir. 2019).

Mr. Brancart's work occurred between 2019 and 2021.  The Court is well aware of the rates awarded in this district and finds that an hourly rate of $375.00 is reasonable for Mr. Brancart.  See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (the Ninth Circuit held that district court did not abuse its discretion by

relying on its own knowledge and experience to determine the reasonable hourly rate for attorneys' fees); <u>Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.</u>, 788 F.3d at 1041 ("[d]istrict courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'").  This Court finds that a reasonable hourly rate for work performed by Mr. Brancart is $375. <u>See</u> <u>e.g.</u>, <u>J.T. by and through Renee T. v. Dept. of Education</u>, Civ. No. 11-00612 LEK-RLP, 2019 WL 267869, at * 5-6 (D. Haw. Jan. 18, 2019) (in 2018, $350 is a reasonable hourly rate for work performed by an attorney with 48 years of practicing law and representing clients with disabilities in the achievement of civil rights since 2009).

    4.   <u>Elizabeth Brancart, Esq.: Reasonable Hourly Rate of $360.00</u>

In support of her requested hourly rate of $425.00, Ms. Brancart filed a declaration.  Ms. Brancart states that she has been primarily practicing FHA litigation since 1994 for approximately 27 years.  She claims that she has been lead counsel in 6 FHA cases and has experience as counsel of record for 2 cases, one was before the Supreme Court and the other was before the Ninth Circuit.  Ms. Brancart has lectured on fair housing law and litigation in various states.

Ms. Brancart explains that she was awarded hourly rates from $450.00 to $500.00 for work performed in various jurisdictions such as the District of Nevada, Southern District of Indiana, and the Superior Court for the Santa Clara County,

California.  However, in determining the reasonable hourly rate, this Court is

required to base its award on the prevailing market rate in Hawaii.  Based on this

Court's knowledge of the rates awarded in this district for work performed by

attorneys of comparable skill, experience, and reputation, this Court finds that an

hourly rate of $360.00 for work performed by Ms. Brancart is reasonable.  See e.g.,

J.T. by and through Renee T. v. Dept. of Education, Civ. No. 11-00612 LEK-RLP,

2019 WL 267869, at * 5-6 (D. Haw. Jan. 18, 2019).

5.    Spencer Campbell, Legal Assistant: Reasonable Hourly Rate of
$70.00

Plaintiff-Intervenor requests the hourly rate of $85.00 for work performed by

Mr. Campbell, who is a legal assistant.  The Defendants do not object to this rate.

However, Mr. Campbell appears to have less than 2 years of experience as a legal

assistant.  Plaintiff-Intervenor does not provide any evidence showing the

prevailing market rate in this community for similar work performance by a legal

assistant of comparable skill, experience, and reputation.

This Court is well aware of the rates awarded in this district.  This Court

finds that the hourly rate of $85.00 for work performed by Mr. Campbell is

excessive.  In this case, Mr. Campbell's level of experience as well as this Court's

knowledge of the rates awarded in this community requires a reduction in the

requested hourly rate.  This Court finds that an hourly rate of $70.00 per hour for

work performed by Mr. Campbell is reasonable.  See e.g., Howard G. v. Dep't of

<u>Educ.</u>, No. CV 11-00523 DKW-RT, 2020 WL 2563275, at \*17 (D. Haw. May 5,
2020), <u>report and recommendation adopted,</u> No. CV 11-00523 DKW-RT, 2020
WL 2561273 (D. Haw. May 20, 2020) (paralegal with over 27 years of experience
granted hourly rate of $85.00 per hour).

      6.   <u>Summary of Reasonable Hourly Rates</u>

     Below is a chart that summarizes the reasonable hourly rates awarded by the
court for work performed by Plaintiff-Intervenor's attorneys and legal assistant:

| Legal Aid Society of Hawaii | |
| --- | --- |
| **Attorney** | **Requested Hourly Rate** |
| Dan O'Meara, Esq. | $275.00 |
| Nicholas Severson, Esq. | $180.00 |

| Brancart & Brancart | |
| --- | --- |
| **Attorney/ Legal Assistant** | **Requested Hourly Rate** |
| Christopher Brancart, Esq. | $375.00 |
| Elizabeth Brancart, Esq. | $360.00 |
| Spencer Campbell, Legal Assistant | $70.00 |

**B.**   <u>Hours Reasonably Expended</u>

     Plaintiff-Intervenor requests attorneys' fees in the amount of $100,119.50.
A prevailing party seeking attorneys' fees bears the burden of documenting the
appropriate hours expended in litigation and must submit evidence in support of

those hours worked.[2]  Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Gates v.

Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).  In this case, Defendants object

to the requested attorneys' fees by alleging that certain entries are duplicative,

excessive, unnecessary, clerical, block-billed and vague.

　　　The Court carefully reviewed the parties' submissions and the exhibits

provided.  However, Defendants' Opposition refers to the exhibits submitted by the

parties and cites to specific row numbers within these exhibits.  The exhibits do not

have numbered rows, and Defendants did not refer to entry dates in their

Objection.  This Court is unable to reconcile Defendants' objections despite efforts

to number rows in each attorneys' fees exhibit submitted by the parties.

Nevertheless, this Court must determine whether all hours requested were

reasonably expended.  This Court has thus evaluated all entries and shall refer to

the entry dates when referencing specific billing.

---

[2] Plaintiff-Intervenor claims that "[t]o aid the Court in assessing the reasonableness of defendants' sweeping objections, [Plaintiff-Intervenor] asked defendants to produce their attorneys' time record, redacting privileged materials."  ECF No. 128-1 at PageID #: 719-720.  In order to evaluate the reasonableness of attorneys' fees requested, this Court does not require opposing counsel's billing.  The standard used to assess the reasonableness of requested fees is set by the applicable rules and case law in this district.  Further, it is the prevailing party's burden to provide evidence establishing that the fees requested are reasonable.

1.    Double Billing

In this district, "[t]he general rule is that two professionals cannot bill for attending the same meeting."  OneWest Bank, FSB v. Farrar, Civ. No. 12-00108 ACK, 2014 WL 1326590, at *1, n.1 (D. Haw. Mar. 10, 2014), report and recommendation adopted as modified, Civ. No. 12-00108 ACK, 2014 WL 1326602 (D. Haw. Mar. 31, 2014) (citing Brandon E. v. Dep't of Educ., State of Hawaii, Civ. No. 07-00536 ACK-LEK, 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008)).  "[T]he Court does not permit more than one attorney to bill for attending: (1) a meeting between co-counsel; (2) a client meeting; or (3) a meeting with opposing counsel."  Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC, 871 F. Supp. 2d 1040, 1055 (D. Haw. 2012).   The Court will deduct duplicative time billed from the lowest billing attorney.  OneWest Bank, 2014 WL 1326590 at *1, n. 1 (citation omitted).  Below is a chart summarizing the deductions made from the lowest billing attorney:

| Date | Attorney/ Legal Assistant | Description | Hourly Rate | Hours Sought | Hours Reduced | Hours Awarded |
|---|---|---|---|---|---|---|
| 11/22/19 | Severson | Rule 7.8 Meeting w/ Dan & opposing counsel, follow-up call with Aurora, debrief. | $180.00 | 1.5 | 1.5 | 0.0 |
| 01/21/20 | O'Meara | Discuss case with Chris Brancart | $275.00 | 0.6 | 0.6 | 0.0 |
| 03/02/20 | O'Meara | Discuss case with Chris Brancart - co-counsel | $275.00 | 0.3 | 0.3 | 0.0 |

| Date | Attorney | Description | Rate | | | |
|---|---|---|---|---|---|---|
| 07/21/20 | O'Meara | Meet and confer - DOJ and HSS | $275.00 | 0.9 | 0.9 | 0.0 |
| 08/06/20 | O'Meara | Interaction and communication on settlement conference proposal with Judge Kurren | $275.00 | 0.4 | 0.4 | 0.0 |
| 08/19/20 | O'Meara | Settlement conference w/ Judge Kurren and follow-up call w/ co-counsel | $275.00 | 3.3 | 3.3 | 0.0 |
| 09/15/20 | O'Meara | Settlement conference w/ Judge Kurren . . . | $275.00 | 3.1 | 3.1 | 0.0 |
| 09/15/20 | Severson | Settlement conference w/ Judge Kurren . . . | $180.00 | 3.1 | 3.1 | 0.0 |
| 09/21/20 | O'Meara | Meeting on Consent decree and settlement [sic] DOJ, Lynne, Chris | $275.00 | 1.0 | 1.0 | 0.0 |
| 10/13/20 | O'Meara | Attend settlement conference - all attorneys and Judge Kurren | $275.00 | 2.8 | 2.8 | 0.0 |
| 10/22/20 | O'Meara | Settlement conference with all attorneys and Judge Kurren | $275.00 | 1.3 | 1.3 | 0.0 |
| 10/27/20 | O'Meara | Status call with Judge Trader, DOJ attorneys, defendant attorneys and Chris | $275.00 | 0.2 | 0.2 | 0.0 |

Each entry listed above is a duplicate entry. The duplicate entries on November 22, 2019 were for a meeting attended by Mr. O'Meara and Mr. Severson. Mr. Severson and Mr. O'Meara's[3] November 22, 2019 entries were block-billed and thus, there is no information as to the exact duration of the meeting. Thus, this Court has elected to deduct Mr. Severson's November 22, 2019 billing entry in its entirety and has not reduced Mr. O'Meara's 2.5 hours for block-billing.

[3] Mr. Severson's November 22, 2019 entry bills 2.5 hours for "Rule 7.8 meeting – prep and follow up." ECF No. 128-15 at PageID #: 853.

The remaining deductions are instances where Plaintiff-Intervenor sought attorneys' fees for more than one attorney who attended the same meeting, status conference or settlement conference. As stated earlier, billing for multiple attorneys attending the same meeting or conference is not compensable and only the time billed by the highest billing attorney is permitted. As such, the entries listed are the duplicative time billed by the lowest billing attorney(s) present at the conference or meeting. These entries are thus deducted from the requested fees.

2.    Clerical or Ministerial Tasks

"[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii, Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010). "[R]eviewing Court-generated notices," "scheduling dates and deadlines," "calendaring dates and deadlines," "preparing documents for filing with the Court," "informing a client that a document has been filed," "notifying a client of dates and deadlines," "filing documents with the Court," "copy, printing and scanning documents," "receiving, downloading, and emailing documents and communicating with Court staff" are tasks deemed clerical or ministerial in this district. OneWest Bank, 2014 WL 1326590 at *1, n. 1 (citation omitted). The following billing entries are clerical:

| Date | Attorney/ Legal Assistant | Description | Hourly Rate | Hours Sought | Hours Reduced | Hours Awarded |
|---|---|---|---|---|---|---|
| 02/11/20 | O'Meara | Discuss what was needed to be filed, with whom, track changes or not with Judge Trader's courtroom manager, Convert pdf to word to be able to track changes | $275.00 | 0.5 | 0.5 | 0.0 |
| 03/04/20 | O'Meara | Finalize and file Pro Hac Vice Motion. | $275.00 | 0.3 | 0.3 | 0.0 |
| 04/15/20 | O'Meara | Check with court on status conference and follow-up with other plaintiff side counsel. | $275.00 | 0.3 | 0.3 | 0.0 |
| 04/16/20 | O'Meara | Check in with Courts about status conference and order | $275.00 | 0.3 | 0.3 | 0.0 |
| 05/01/20 | O'Meara | Finish and efile DKT 79 | $275.00 | 0.2 | 0.2 | 0.0 |
| 09/02/20 | O'Meara | Discuss timesheets with Nick and discuss his coverage while I am on vacation for a couple of days. | $275.00 | 0.2 | 0.2 | 0.0 |
| 06/03/20 | Brancart | Telephone call with defense counsel re settlement and scheduling | $375.00 | 0.3 | 0.3 | 0.0 |
| 06/12/20 | Campbell | Copy edit demand letter for Ale | $70.00 | 0.5 | 0.5 | 0.0 |

Finalizing a document, communication with the courtroom manager or court staff regarding the filing or formatting of a document, and discussion of timesheets are clerical tasks that are not compensable and have been reduced. It is unclear whether the June 12, 2020 billing entry for "[c]opy edit demand letter for Ale" is exclusively clerical in nature. ECF No. 128-6 at PageID #: 804. However, the party seeking attorneys' fees has the burden of adequately documenting hours

expended in litigation. <u>Hensley</u>, 461 U.S. at 437. Without further description, this Court cannot find that the work performed on June 12, 2020 was anything more than clerical in nature. The Court thus finds that all entries listed above are not compensable.

    3.    <u>Excessive Billing</u>

    "The district court may reduce the amount of requested fees . . . to deduct those hours the court deems excessive . . . " <u>Ryan v. Editions Ltd. West, Inc.</u>, 786 F.3d 754, 763 (9th Cir. 2015) (citing <u>Moreno</u>, 534 F.3d at 1112). "However, the district court must provide an adequate explanation for its fee calculation." <u>Id.</u> (citing <u>Hensley</u>, 461 U.S. at 43).

| Date | Attorney/ Legal Assistant | Description | Hourly Rate | Hours Sought | Hours Reduced | Hours Awarded |
|---|---|---|---|---|---|---|
| 01/22/20 | O'Meara | Left message for client | $275.00 | 0.1 | 0.1 | 0.0 |
| 08/19/20 | O'Meara | Message for client regarding settlement conference | $275.00 | 0.1 | 0.1 | 0.0 |

Mr. O'Meara bills 0.1 hours for leaving his client messages. This Court cannot find that billing for telephone messages are reasonable given that such calls are generally less than a minute. Accordingly, the entries listed above are reduced.

    Defendants object to time billed to draft the Complaint in Intervention (ECF No. 74). The Defendants claim that a total of 22.2 hours were billed collectively

by Plaintiff-Intervenors' counsel.  ECF No. 130 at PageID #" 911.  The Defendants

argue that the hours billed for drafting is "shocking given that [Mr.] O'Meara and

[Mr.] Brancart claim that [Mr.] Brancart was brought into this case because FHA is

his 'area of specialization' and 'expertise.'"  Id.  Defendants claim that the hours

expended are unreasonable given Mr. Brancart's expertise and the number of hours

billed to complete the "straightforward task" of drafting the Complaint and

Intervention.  Id.  After careful review of the Complaint in Intervention, the billing

timeline, and the timing of Mr. Brancart's involvement in this case, this Court

cannot find that the hours claimed in drafting the Complaint in Intervention is

excessive.  The billing records reflect that Mr. O'Meara's work on the Complaint

in Intervention began prior to Mr. Brancart's first billing entry.  This shows that

Mr. O'Meara may not have had the full benefit of Mr. Brancart's assistance during

the initial research and drafting of the Complaint in Intervention.  Accordingly,

Defendants' objections to the time billed in drafting the Complaint in Intervention

is overruled.

Defendants also object to attorneys' fees for the preparation and drafting of a

motion for summary judgment that Plaintiff-Intervenor never filed.  Defendants

argue that fees related to the motion should be denied given the "posture of the

case at the time that the work was performed[.]"  ECF No. 130 at PageID #: 913.

In considering whether attorneys' fees for the unfiled motion is reasonable, "the

district court should consider in light of the entire record whether a reasonable attorney with his client's interests in mind would have" worked on the unfiled motion.  See Roberts v. City of Honolulu, 938 F.3d 1020, 1026 (9th Cir. 2019). This Court cannot find that the preparation of the motion was excessive or unnecessary, particularly when settlement negotiations were ongoing and Plaintiff-Intervenor contends that the preparation of the motion affected the Defendants' "willingness to engage in meaningful settlement negotiations."  Roberts v. City & Cty. of Honolulu, No. 15-00467 ACK-RLP, 2016 WL 3136856, at *8 (D. Haw. June 3, 2016), vacated and remanded sub nom. Roberts v. City of Honolulu, 938 F.3d 1020 (9th Cir. 2019)  It is plausible that a reasonable attorney would have worked on the unfiled motion in furtherance of a resolution of this case, especially where such a motion would encourage settlement negotiations.   Accordingly, this Court finds that the hours expended on the unfiled motion are reasonable.

Defendants also object to attorneys' fees related to Plaintiff-Intervenor's motion for intervention.  Defendants argue that the motion for intervention was unnecessary because Defendants offered to stipulate to allow the intervention, but Plaintiff-Intervenor refused.  Defendants claim that Plaintiff-Intervenor was unable to obtain any relief beyond which Defendants had already offered to stipulate. This Court finds Defendants' arguments unpersuasive.  First of all, the record reflects that in addition to the Government's claims, Plaintiff-Intervenor sought to

bring state law claims under Haw. Rev. Stat. Chapter 515 and to name an

additional defendant, Savio Asset Management, LLC.  ECF No. 61.  However,

Defendants opposed the addition of the state law claim and defendant.  Thus,

Defendants' argument that it offered to stipulate to Plaintiff-Intervenor's

intervention is not as straightforward as Defendant states.  Second, this Court has

already determined that it cannot say that Plaintiff-Intervenor's role in this case

was not significant.  For these reasons, this Court cannot find that the motion for

intervention was excessive.

    4.    <u>Block-Billing</u>

"The district court may reduce the amount of requested fees . . . to account

for blockbilling . . . as long as it provides an adequate explanation for its fee

calculation."  <u>Cook Productions, LLC v. Stewart</u>, 2017 WL 4797513 at 6 (D. Haw.

Oct. 24, 2017) (citing <u>Ryan v. Editions Ltd. West, Inc.</u>, 786 F.3d 754, 763 (9th Cir.

2015)).  "District courts have the authority to reduce hours that are billed in block

format because such a billing style makes it difficult for courts to ascertain how

much time counsel expended on specific tasks."  <u>Robinson v. Plourde</u>, 717 F.

Supp. 2d 1092, 1100 (D. Haw. 2010) (citing <u>Welch v. Metropolitan Life Ins. Co.</u>,

480 F.3d 942, 948 (9th Cir. 2007)).  The chart below summarizes the block-billed

entries:

| Date | Attorney/ Legal Assistant | Description | Hourly Rate | Hours Sought | Hours Reduced | Hours Awarded |
|------|---------------------------|-------------|-------------|--------------|---------------|---------------|
| 01/13/20 | O'Meara | Research and drafting reply to opp to motion to intervene - flesh out argument - research on cases and statutes and applicability as cited in opposition | $275.00 | 2.0 | 0.4 | 1.6 |
| 05/13/20 | Brancart | Review Hawaii Civil Rights Commission (HCRC) records for Judicial Notice and admissibility; legal research re use of state finding in federal case | $375.00 | 0.5 | 0.1 | 0.4 |
| 07/21/20 | Brancart | Review docs and Prepare initial disclosure; Review and revise witness list; Review and revise docs for disclosed docs; Revise disclosure and serve | $375.00 | 3.2 | 0.6 | 2.6 |
| 08/10/20 | Brancart | Review student housing policy proposals; create comparison table for settlement discussions; email to co-counsel for approval | $375.00 | 1.0 | 0.2 | 0.8 |
| 09/28/20 | Brancart | Review consent decree; phone call with coco DOJ and phone call with co-counsel LASH; Prepare and revise letter to defense counsel re settlement position; email to court reply to defense counsel's 9/28 settlement positions | $375.00 | 3.1 | 0.6 | 2.5 |

"[T]he district court may properly impose a reduction for block billing, but it should 'explain how or why . . . the reduction . . . fairly balance[s]' those hours that were actually billed in block format." Welch v. Metropolitan Life Ins. Co., 480

F.3d 942, 947 (9th Cir. 2007) (citing Sorenson v. Mink, 239 F.3d 1140, 1146 (9th

Cir. 2001)).  Because this Court cannot reasonably determine how much time was

spent on each task, the Court finds it appropriate to impose a 20% reduction due to

block-billing on the entries listed above.

> 5.   Attorneys' Fees for Work Performed on this Motion for Attorneys'
>       Fees and Costs

In the Motion for Attorneys' Fees and Costs, Plaintiff-Intervenor requests

attorneys' fees in the amount of $10,582.50[4] for the preparation of the present

Motion for Attorneys' Fees and Costs as follows:

| Timekeeper | Requested Hourly Rate | Hours Billed | Fees Requested |
|---|---|---|---|
| Christopher Brancart, Esq. | $425.00 | 13.9 | $5,907.50 |
| Elizabeth Brancart, Esq. | $425.00 | 11.0 | $4,675.00 |
|  |  | Total: | $10,582.50 |

The worked performed in preparing fee applications in civil rights cases is

compensable.  See Gonzalez v. City of Maywood, 729 F.3d 1196, 1210 (9th Cir.

2013) ("[I]t's now well established that time spent in preparing fee applications

---

[4] In the Motion for Attorneys' Fees and Costs, Plaintiff-Intervenor states that the total hours billed and requested for the preparation of the fee motion is $10,582.50. In the very next sentence, Plaintiff-Intervenor states that "Counsel . . . has exercised billing judgment and does not seek to recover for all time spent."  ECF No. 128-1 at PageID #: 727.  Plaintiff-Intervenor's statement is misleading and causes confusion in that a reduction is anticipated, but no reduction is made.  Upon reviewing Exhibit 6 (ECF No. 128-11) and confirming the calculations, Plaintiff-Intervenor is in fact seeking the total amount of $10,582.50.

under 42 U.S.C. § 1988 is compensable."). Normally, attorneys' fees are

addressed in one billing with one chart showing the total attorneys' fees requested.

However, Plaintiff-Intervenor has elected to present its fee request for preparing

the fee application separate from the fees related requested for the rest of the case.

As such, to avoid convoluting the issues, this Court addresses Plaintiff-Intervenors'

request for work performed on this Motion for Attorneys' Fees and Costs separate

from the rest of the work performed in this case. The chart below illustrates the

amount of attorneys' fees awarded for drafting this fee application:

| Timekeeper | Reasonable Hourly Rate | Hours Billed | Fees Awarded |
|---|---|---|---|
| Christopher Brancart, Esq. | $375.00 | 13.9 | $5,212.50 |
| Elizabeth Brancart, Esq. | $360.00 | 11.0 | $3,960.00 |
| | | **Total:** | $9,172.50 |

ECF No. 128-1 at PageID #: 727-728; ECF No. 128-11 at PageID #: 831. The

Court does not find cause to reduce any billing entries and finds that all time

expended in preparing the fee application was reasonable. Accordingly, based on

the reasonable hourly rate awarded, this Court finds that a total of $9,172.50 for the

preparation of the fee application is appropriate.

6.    <u>Total Lodestar Calculation of Reasonable Attorneys' Fees</u>

Plaintiff-Intervenor originally requested the following in hourly rates and

attorneys' fees performed in this case (excluding any work on the fee application):[5]

| Timekeeper | Hourly Rate Requested | Hours Requested | Total Fees Requested |
|---|---|---|---|
| Dan O'Meara, Esq. | $315.00 | 107.8 | $33,957.00 |
| Nicholas Severson, Esq. | $200.00 | 7.6 | $1,520.00 |
| Christopher Brancart, Esq. | $425.00 | 123.7 | $52,572.50 |
| Spencer Campbell, Legal Assistant | $85.00 | 17.5 | $1,487.50 |
| | | Total: | $89,537.00 |

ECF No. 128-1 at PageID #: 711-712.  The total fees requested is calculated by

multiplying the hourly rate requested by the hours requested.  Plaintiff-Intervenor

also requested $10,582.50 in attorneys' fees for the preparation and drafting of this

fee application.

---

[5] This chart excludes the attorneys' fees request related to the drafting of this fee
application.  This chart also excludes Hawaii General Excise Tax ("GET").  The
Joint Statement re Plaintiff-Intervenor's Motion for Attorneys' Fees and
Nontaxable Expenses Pursuant to Consent Decree (ECF No. 128-2) states that
Plaintiff-Intervenor seeks 4.712% in GET for the fees awarded to LASH.
However, the Motion for Attorneys' Fees and Costs does not request for GET.  As
such, GET is not included in this Court's analysis in the same way that this Court
did not consider any of Defendants' objections to the fees related to the preparation
of this fee application because Defendants failed to object in their Opposition.

Below is the total amount of attorneys' fees requested by Plaintiff-

Intervenor.  The total requested fees is calculated by adding the total fees requested

to litigate this case and the total fees requested to prepare this fee application.

| Calculation of Total Requested Fees | |
|---|---|
| Fees to Litigate this Case | $89,537.00 |
| Fees to Prepare Fee Application | $10,582.50 |
| Total Requested Fees | $100,119.50 |

Based on this Court's recommendations, the chart below illustrates this Court's

Lodestar calculation by multiplying the total reasonable hours each attorney

expended by the total reasonable attorneys' fees in this case.  This chart excludes

any fees related to the preparation of the fee application.

| Timekeeper | Reasonable Hourly Rate | Hours Sought | Hours Reduced | Reasonable Hours | Lodestar Calculation |
|---|---|---|---|---|---|
| Dan O'Meara, Esq. | $275.00 | 107.8 | 16.3 | 91.5 | $25,162.50 |
| Nicholas Severson, Esq. | $180.00 | 7.6 | 4.6 | 3.0 | $540.00 |
| Christopher Brancart, Esq. | $375.00 | 123.7 | 1.9 | 121.8 | $45,675.00 |
| Spencer Campbell, Legal Assistant | $70.00 | 17.5 | 0.5 | 17.0 | $1,190.00 |
| | | | | **Total:** | $72,567.50 |

This Court also finds that the Lodestar amount of $9,172.50 is the reasonable

amount of attorneys' fees for work performed on the fee motion.  The chart below

is the total amount of reasonable attorneys' fees recommended by this Court.  The

total reasonable fees to litigate this case is added to the reasonable fees to prepare this fee application.

| Lodestar Calculation of Total Reasonable Fees | |
| --- | --- |
| Fees to Litigate this Case | $72,567.50 |
| Fees to Prepare Fee Application | $9,172.50 |
| Total Reasonable Fees | $81,740.00 |

III.  <u>Non-Taxable Costs</u>

Plaintiff-Intervenor requests for non-taxable costs in the amount of $914.31. The Consent Decree (ECF No. 120) provides that Plaintiff-Intervenor will be deemed a prevailing party for purposes of a motion for "reasonable attorneys' fees and costs."  The statute 42 U.S.C. § 3613(c)(2) also provides that a court may allow a prevailing party "reasonable attorney's fee and costs."  However, Defendants argue that Plaintiff-Intervenor should not be awarded nontaxable expenses.  Defendants argue that the term "costs" in the federal statute does not refer to nontaxable expenses.  Indeed, the Supreme Court has determined that "[s]ome federal statutes simply refer to 'costs.'"  In those cases, the federal courts are limited to awarding the costs specified in §§ 1821 [(per diem and mileage generally)] and 1920 [(taxation of costs)]."  <u>Rimini Street, Inc. v Oracle USA, Inc.</u>, 139 S. Ct. 873, 877 (2019).   However, in this case, the Consent Decree and statutory authority do not simply refer to "costs."

The Consent Decree and 42 U.S.C. § 3613(c)(2) provide for an award of "reasonable attorneys' fees and costs" to the prevailing party. The Supreme Court as well as the Ninth Circuit "have long interpreted the phrase 'reasonable attorney's fees' to include certain litigation expenses, and [the Ninth Circuit is] bound to follow that precedent . . . " Grove v. Wells Fargo Financial California, Inc., 606 F.3d 577, 579-80 (9th Cir. 2010) (citations omitted). Thus, the Ninth Circuit has "allowed prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties." Id. Accordingly, Plaintiff-Intervenor may be awarded non-taxable costs as part of her reasonable attorneys' fees as the prevailing party.

The FHA defines "prevailing party" as having "the same meaning as such term has in section 1988 of this title." 42 U.S.C. § 3613(o). Under 42 U.S.C. § 1988, "[a] prevailing party may recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." Doe ex rel. Doe v. Keala, 361 F. Supp. 2d 1171, 1189 (D. Haw. 2005) (citing Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994)) (internal quotes omitted). "Out-of-pocket expenses for long distance telephone calls, messenger service, postage, facsimile, computerized legal research, and travel are ordinarily allowed under Section 1988." Id. (citations omitted). "On the other hand,

[r]outine expenses which are incorporated into attorneys' rates as routine office overhead are not recoverable[.]" Id. (citation omitted).

Plaintiff-Intervenor requests an award of non-taxable costs for a pro hac vice filing fee, documents obtained from the Hawaii Secretary of State regarding defendants, and Westlaw research.  ECF No. 128-10 at PageID #: 820.  This Court finds that these expenses are not routine and are not normally incorporated into overhead expenses.  These costs are out-of-pocket expenses that would normally be charged to a client.  Accordingly, this Court finds that Plaintiff-Intervenors should be awarded $914.31 in non-taxable costs.

<u>CONCLUSION</u>

This Court FINDS and RECOMMENDS that Plaintiffs' Motion for an Award of Attorneys' Fees and Costs be GRANTED IN PART and DENIED IN PART.  This Court Recommends that the district court GRANT Plaintiff-Intervenor $81,740.00 in reasonable attorneys' fees and DENY $18,740.00 as unreasonable.  The Court FINDS that Plaintiffs should be awarded $914.31 in non-taxable costs.

The parties are reminded that pursuant to the Consent Decree, "[t]he ruling of the Court on [this] fee motion will be final and no appeal may be taken by any party."  ECF No. 120 at PageID #: 638.

//

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 28, 2021.



_____

Rom A. Trader
United States Magistrate Judge

---

Civ. No. 19-00528 JMS-RT; *United States of America v. Hawaii Student Suites, Inc., et al.*; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff-Intervenor Rachel Ale's Motion for Attorneys' Fees and Non-Taxable Costs